# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DANIELLE J. KREUZER, | ) | CASE NO. 5:16-cv-03026 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| OHIO DEPARTMENT OF TRANSPORTATION DISTRICT NO. 4, et al., | ) ) ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on motion by defendant Ohio Department of Transportation ("ODOT") seeking taxation of costs in its favor in the amount of $1,917.00 pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. (Doc. No. 43 ["Mot."].) For the reasons set forth herein, defendant's motion for taxation of costs is GRANTED.

## I. BACKGROUND

Plaintiff Danielle Kreuzer ("Kreuzer") brought this action alleging that ODOT subjected her to discrimination in violation of Title IX of the Civil Rights Act of 1964. On August 13, 2018, this Court granted summary judgment in favor of ODOT and dismissed and closed the case. Thereafter, ODOT filed the present motion for taxation of costs. Kreuzer filed a response in opposition (Doc. No. 44 ["Opp'n"]) and ODOT filed a reply (Doc. No. 45).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the

prevailing party." And 28 U.S.C. § 1920(2) provides that costs may be taxed for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." The costs of taking and transcribing depositions fall within § 1920(2) and are allowed to the prevailing party. *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).

Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The Sixth Circuit has described circumstances in which the denial of costs is a proper exercise of a district court's discretion. *Id.* Such situations include cases where (1) "taxable expenditures by the prevailing party are 'unnecessary or unreasonably large,'" *id.* (quoting *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)), (2) "the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues," *id.* (citing *Nat'l Transformer Corp. v. France MFG. Co.*, 215 F.2d 343, 362 (6th Cir. 1954)), (3) "the judgment recovered was insignificant in comparison to the amount sought and actually amounted to a victory for the defendant," *Lichter*, 269 F.2d at 146, and (4) the dispute is "close and difficult." *White & White*, 786 F.2d at 730 (quoting *U.S. Plywood Corp. v. Gen. Plywood Corp.*, 370 F.2d 500, 508 (6th Cir. 1966)).

The Sixth Circuit has also "identified factors that a district court should ignore when determining whether to exercise its discretion and deny costs." *White & White*, 786 F.2d at 730. Examples of factors that a district could should ignore include: the size of a prevailing litigant's recovery and the ability of the prevailing party to pay his or her costs. *Id.* (first citing *Litcher*, 269 F.2d at 146; then citing *Lewis v. Pennington*, 400 F.2d 806, 819 (6th Cir. 1968)). Moreover, "[a] plaintiff's indigency does not prevent the taxation of costs against [her]." *Sales*, 873 F.2d at 120.

## III. DISCUSSION

Here, ODOT moves for the taxation of costs in the amount of $1,917.00. These costs were expended by ODOT for the deposition transcripts of six individuals. (Mot. at 1088.[1]) The identified depositions were filed with the Court and used by the parties in briefing related to ODOT's motion for summary judgment. (*Id.*) ODOT expresses in its motion that deposing and ordering the deposition transcripts of the identified individuals were "reasonably necessary efforts to defend the action." (*Id.*)

In her opposition, Kreuzer does not argue that ODOT's expenses for the identified depositions were unnecessary or unreasonably large. (Opp'n at 1099.) In fact, she concedes that the circumstances here do not fit within any of the guidelines set forth by the Sixth Circuit as a basis for denying costs, and she further concedes that there is no case law to support this Court denying ODOT's costs. (*Id.*) Still, Kreuzer asks the Court to consider her "disability status" and to exercise its discretion to deny ODOT's motion for costs. (*Id.*)

The Court finds ODOT's deposition expenses in the amount of $1,917.00 to be reasonable and necessary under the circumstances of the litigation. Moreover, there is no evidence of ODOT prolonging litigation, or that this was a "close" or "difficult" case within the Sixth Circuit's reasoning in *White & White*. The Court acknowledges that Kreuzer's disability status is a factor that the Court *can* consider when deciding whether to use its discretion to deny costs, but the Court

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

finds that factor alone does not warrant overcoming the strong presumption in favor of awarding costs in this case. As such, the Court grants ODOT's motion for costs.

## IV. CONCLUSION

For the reasons set forth herein, defendant's motion for the taxation of costs in its favor in the amount of $1,917.00 is GRANTED. The Clerk is directed to approve the bill of costs accompanying defendant's motion and to tax costs in this amount.

**IT IS SO ORDERED**.

Dated: November 21, 2018

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**